UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stephen M. Hogue | § | |
| | § | |
| *versus* | § | Civil Action 4:25–cv–02662 |
| | § | |
| Wells Fargo Bank, N.A. | § | |

# INITIAL DISCOVERY PROTOCOLS FOR RESIDENTIAL MORTGAGE CASES

## PART 1: INTRODUCTION

In cases involving claims relating to residential mortgage loan defaults or foreclosures, this court requires the parties to use these Initial Discovery Protocols. The purpose of these Initial Discovery Protocols is to require the exchange of the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

These Initial Discovery Protocols supersede the parties' obligations to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1), but do not preclude a party from seeking additional discovery under the Federal Rules of Civil Procedure.

These Initial Discovery Protocols apply only if a Borrower is a party to the case.

## PART 2: DEFINITIONS AND INSTRUCTIONS

(1) Definitions. The following definitions apply to these Initial Discovery Protocols.

   a. **Borrower.** "Borrower" means one or more persons alleged to have executed a Note secured by a Deed of Trust on the residential property.

   b. **Creditor.** "Creditor" means any person or entity, including mortgage loan note holders or loan servicers, who allege the right to collect a debt evidenced by the Note or the right to foreclose on the Property under the security instrument that secures the Note.

   c. **Deed of Trust.** "Deed of Trust" means the document creating a security interest in the Property and grants the Creditor the right to foreclose and sell the Property in the event Borrower defaults.

d. ***Documents.*** "Documents" are defined to be synonymous in meaning and equal in scope to the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), with one exception. For the purposes of these Initial Discovery Protocols, "documents" do not include email communications.

e. ***Identify (Documents).*** When referring to documents, to "identify" means either (1) to describe, to the extent known: (i) the type of document; (ii) the general subject matter; (iii) the date; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or (2) produce a copy.

f. ***Identify (Persons).*** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) email address; (iv) present or last known place of employment; (v) present or last known job title; and (vi) relationship, if any, to the parties. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent requests to identify that person.

g. ***Identify (Non-Natural Persons or Entities).*** When referring to a corporate entity, partnership, or other unincorporated association, to "identify" means to give the: (i) corporate or entity name and, if known, the trade or other names under which it has done business during the relevant period; (ii) address; and (iii) phone number. Once a corporate or other business entity has been identified in accordance with this subparagraph, only the name of that entity needs to be listed in response to subsequent requests to identify that entity.

h. ***Mortgage Loan.*** "Mortgage Loan" means the loan that Borrower obtained to purchase the Property, refinance a prior loan, or obtain cash on the Property. The documents making up the mortgage loan contract are the Note and Deed of Trust, and any modifications of either.

i. ***Note.*** "Note" means the document containing Borrower's promise to pay the amounts due under the Mortgage Loan.

j. ***Property.*** "Property" means the residential property subject to the Mortgage Loan.

k. ***Relating to.*** "Relating to" means concerning, referring, describing, evidencing, or constituting.

(2) Instructions.

    a. This Initial Discovery is to be responded to without objections (except attorney-client and work-product privilege).

    b. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

    c. This Initial Discovery is subject to Federal Rule of Civil Procedure 26(e) on supplementation and Federal Rule of Civil Procedure 26(g) on certification of responses.

    d. This Initial Discovery is subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place until and unless the parties agree on, or the court orders, a different protective order.

## PART 3: INFORMATION AND DOCUMENTS TO BE PRODUCED BY BORROWER

(1) Timing.

Borrower's responses to these Initial Discovery Protocols must be provided within the earlier of 30 days after: (i) a responsive pleading or motion to dismiss has been filed; or (ii) a notice of removal has been filed, unless the court orders otherwise.

(2) Information to be produced by the Borrower.

    a. Identify any loan modification agreements.
    b. Identify any forbearance agreements
    c. Identify any loss mitigation applications
    d. Describe the damages Borrower seeks to recover in this lawsuit, including the amount and the method used to calculate those damages
    e. If Borrower contends that Creditor is not entitled to foreclose on the Property, provide the basis for that contention
    f. If Borrower contends that the lien created by the Deed of Trust or Mortgage Loan is not valid or enforceable for reasons other than violations of the Texas Constitution, provide the basis for that contention.
    g. If Borrower contends that a scheduled or completed foreclosure sale was defective or wrongful, explain the basis for that contention.
    h. If Borrower contends that the limitations period for foreclosure has expired, identify the alleged accrual date for limitation purposes.

i. If Borrower contends that a loan payment was made that was not properly accounted for, identify the date of payment, the amount of payment, and the method of payment.
j. If Borrower contends that Creditor breached an agreement relating to the Mortgage Loan:
    i. identify the agreement that was breached;
    ii. identify the specific provision of the agreement that was breached; and
    iii. describe how that provision was breached.
k. If a lawsuit has previously been filed relating to the Mortgage Loan or the Property (including efforts to proceed with foreclosure or stop foreclosure), identify:
    i. the style of each lawsuit, including the parties' names, cause number, and the court; and
    ii. how each lawsuit was resolved (such as dismissal with prejudice, dismissal without prejudice, settlement, or verdict).
l. If you have filed for bankruptcy in the past six years, identify:
    i. the style of each lawsuit, including the cause number and court; and
    ii. how each bankruptcy case was disposed (such as dismissal or discharge in bankruptcy).
m. If there is more than one residential mortgage lien on the Property, identify the record holder of each lien, the current servicer of any loan(s) associated with these liens, and whether Borrower is currently past due on any payments owed.
n. For cases involving claims that a Texas home equity lien is invalid, void, or voidable because it violated the Texas Constitution, identify each provision of the Texas Constitution you contend was violated, and for each, explain the basis for that contention.
o. For cases involving claims that a Texas home equity lien is invalid, void, or voidable because it violated the Texas Constitution, identify each demand you sent to cure a defect under Article XVI, Section 50(a)(6) of the Texas Constitution by the date it was sent, the addressee and address to which it was sent, the manner in which it was sent (such as email, mail, or delivery), and the defect specified by the demand.

(3) Documents to be produced by the Borrower.

a. The documents referred to in Borrower's latest complaint or pleading setting out claims and defenses.
b. The Note.
c. The Deed of Trust.
d. The documents signed at the Mortgage Loan closing if origination is at issue.
e. All loan modification agreements.
f. All loan modification applications, with attachments.

g. If Borrower claims a failure to receive a loss mitigation that was applied for, the loss mitigation applications, with attachments.
   h. If Borrower claims a failure to receive mortgage assistance that was applied for, all requests for mortgage assistance, with attachments.
   i. If Borrower claims that there is a forbearance agreement, all forbearance agreements.
   j. All documents supporting the claim for damages or an injunction.

**PART 4: INFORMATION AND DOCUMENTS TO BE PRODUCED BY CREDITOR**

(1) Timing.

Creditor's responses to these Initial Discovery Protocols must be provided within the earlier of 30 days after: (i) a responsive pleading or motion has been filed; or (ii) a notice of removal has been filed, unless the court orders otherwise.

(2) Information to be produced by Creditor.

   a. If Creditor contends that it has not been properly named in the lawsuit, identify the factual basis for that contention, and identify, if known, the entity that should have been named.
   b. If Creditor has served a notice of default on Borrower, identify the delinquent amount, if any.
   c. If Borrower contends that Creditor lacks standing to foreclose, provide the basis for Creditor's asserted standing.
   d. If Borrower contends that Borrower did not receive a decision on a loan modification application prior to foreclosure, provide the basis for Creditor not providing a decision or identify when and how the decision was conveyed.

(3) Documents to be produced by Creditor.

   a. The documents referred to in Creditor's latest pleading setting out claims and defenses.
   b. All assignments of the Deed of Trust.
   c. The Note.
   d. The Deed of Trust.
   e. The Notice of Default at issue.
   f. The Notice of Intent to Accelerate Debt at issue.
   g. The Notice of Acceleration of Debt at issue.
   h. The Notice of Trustee's Sale at issue.
   i. The documents signed at the Mortgage Loan closing if origination is at issue.

j.  If Borrower claims a failure to receive mortgage assistance that was applied for, all requests for mortgage assistance, with attachments.
k.  If Borrower claims that there is a forbearance agreement, all forbearance agreements.
l.  Documents sufficient to show Mortgage Loan payments made by Borrower, and how these funds were applied by Creditor.
m.  All documents that Creditor relies on to demonstrate its right to foreclose.
n.  If Borrower alleges an uncured violation of Article XVI, Section 50(a)(6) of the Texas Constitution, documents purportedly showing that no such violation exists.

Signed on June 11, 2025, at Houston, Texas.

*George C. Hanks, Jr.*
George C. Hanks, Jr.
United States District Judge